NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

PETER GELEWSKI, BY HIS NEXT FRIEND, STELLA GE-
LEWSKI, PETITIONER, v. RUDY CUDILE AND CHARLES
CUDILE, TRADING AS HASBROUCK HEIGHTS DAIRY,
AND INDIVIDUALLY, AND LLOYD BUNTING, RE-
SPONDENTS.

Decided January 11, 1939.

For the petitioner, *Patten & Amlicke.*

For the respondent, *Wall, Haight, Carey & Hartpence* (by *Charles J. Gormley*).

It appearing to the court that a petition was filed in behalf of Peter Gelewski, a minor, on October 27th, 1938, for an injury that is alleged to have been received by the said Peter Gelewski on February 9th, 1936, and that the respondents have pleaded that this court is without jurisdiction to hear and determine the cause, that the petition was not filed within the statutory time, and that the statute of limitations had run against the said cause of action.

The Compensation act (*R. S.* 1937, 34:15-1 *et seq.*) is in derogation of the common law, and I am of the opinion that all such statutes must be strictly construed. In the said act, commonly known as the Compensation act, there is provision for prosecution of a minor's claim by a next friend or other representative, and there is further provision that all employment by minors shall be considered to be governed by article 2 (*R. S.* 1937, 34:15-7 *et seq.*) of the said act unless notice to the contrary is received, and that the said act provides that

petitions for claims shall be filed within two years of the date of the said alleged accident or the date of the last payment made by agreement. *R. S.* 1937, 34:15-51.

And it further appearing that this petition has been filed actually more than two years after the said accident, and that no payment has been made by the respondents, or either of them, to the petitioner,

It is, on this 11th day of January, 1939, on application of Charles J. Gormley for Wall, Haight, Carey & Hartpence, attorneys for respondent, ordered that the petition filed herein be and the same hereby is dismissed.

JOHN C. WEGNER,
*Referee.*